UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KABIL A. DJENASEVIC,         )
                               )
Plaintiff,                )
                               )
v.                  )     Civ. Action No. 07-1685 RWR
                               )
EXECUTIVE UNITED STATES      )
ATTORNEY'S OFFICE, et al.,     )
Defendants.            )

DEFENDANTS' MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants, the Executive Office for United States Attorneys (EOUSA), the United States Bureau of Prisons (BOP), the Federal Bureau of Investigation (FBI), the Drug Enforcement Administration (DEA), which are all sub-components of the United States Department of Justice (DOJ) and the United States Department of State (DOS) by and through undersigned counsel, hereby submit this memorandum of law in support of their motion pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and Rule 56 for an order of dismissal, or in the alternative summary judgment, on the grounds that this Court lacks jurisdiction over the subject matter of the instant complaint and that the Plaintiff has failed to state a claim upon which relief can be granted.

Pro Se Plaintiff will please take note that the assertions contained in the accompanying declarations and other attachments in support of Defendants' motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in Defendant's declaration and attachments. See Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992), and Local Rule 7.1.

Further, Fed. R. Civ. P. 56(e) provides that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Because this is a dispositive motion, Defendants' have not sought plaintiff's consent before filing it. LCvR 7(m).

January 31, 2008

Respectfully submitted,

JEFFREY A. TAYLOR, BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

2

_____/s_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. B Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **KABIL A. DJENASEVIC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. Action No. 07-1685 RWR** |
| | ) | |
| **EXECUTIVE UNITED STATES** | ) | |
| **ATTORNEY'S OFFICE, et al.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR**
**SUMMARY JUDGMENT**

**I.  INTRODUCTION**

Defendants respectfully move, pursuant to Fed. R. Civ. P. 12(b) (1), and (6), to dismiss

this action.  In the alternative, this Court should enter summary judgment in favor of Defendants,

pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact and the

Defendants are entitled to judgment as a matter of law.

According to the complaint, Plaintiff, Kabil Anton Djenasevic, is a prisoner at the United

States Penitentiary (USP)- Allenwood, in Pennsylvania, who brings this action pursuant to Title 5

U.S.C. §§552a (g)(1)(c) challenging the [validity] of records allegedly maintained by defendants

BOP, EOUSA, DEA, and the Department of State located in his "Central File," see Complaint,

(Compl.) Caption; pp.1-2, which are being used to "draw adverse decision[s] against the

[p]laintiff where his [c]ustody was effected." Id.  He alleges that he was brought to the United

States from South Africa on false information in his records. Id.  Although it is unclear what

information is "false and misleading," Compl. at p. 4, Plaintiff mentions statements related to his

"consent decree" or his criminal sentencing. Id.  Plaintiff alleges that he is not challenging his

conviction, Compl. at p. 5, but that defendants have "in the past used and still use and maintain in

their files [records] that w[ere] manufactured by other employees that are false & or inaccurate,"

Compl. at p.7.  He seeks injunctive relief in the form of an *in camera* hearing to change his

records.  See id.

## II.  FACTUAL BACKGROUND

A review of the record of Plaintiff's criminal appeal reveals that Plaintiff sought to change

his pre-sentence report (PSI), see U.S. v Djenasevic,  248 Fed.Appx. 135, C.A.11 (Fla.), 2007,

2007 W.L. 2709901:

> In December 2000, authorities arrested Richard Barthel on drug charges.
> Barthel agreed to cooperate and identified Djenasevic as his source of heroin.
> Continuing to cooperate with authorities, Barthel purchased 47.6 grams of heroin
> from Djenasevic on December 23, 2000 and 27.9 grams of heroin on December 28,
> 2000. On January 3, 2001, Barthel arranged to purchase an additional one-half
> ounce of heroin, at which time Djenasevic advised him that he had 200 grams
> available for $18,000. Djenavesic 248 Fed.Appx. at 136-137.  When Djenasevic
> arrived at the prearranged location for the purchase, he was arrested by state
> authorities. Id.

> In February 2001, Djenasevic posted bond, was released from county jail,
> and continued to cooperate with authorities. By March 2001, however, although
> facing state charges, he absconded and was subsequently arrested in South Africa
> while attempting to board a flight to Yugoslavia. In October 2002, a federal
> indictment was filed against Djenasevic, and, in November 2002, a superseding
> indictment was filed, charging him with conspiracy to possess one kilogram or

2

more of heroin with intent to distribute, distribution of heroin, possession with intent to distribute 100 grams or more of heroin, and possession of firearms. <u>Djenavesic</u> 248 Fed.Appx. at 137.

In December 2001, Djenasevic pleaded guilty to all five counts in the superseding indictment, and the plea was accepted by the district court. <u>Id</u>. In February 2001, after the initial presentence report was disclosed to the parties, Djenasevic petitioned the court to withdraw his plea. <u>Id</u>.

On August 1, 2005, Plaintiff subsequently pled guilty at a new trial with a condition that he serve his prison sentence in Montenegro, a county once part of the former Republic of Yugoslavia which had a bilateral transfer agreement with the United States. 248 Fed. Appx. at 138. The Court stated that it would not oppose such a condition provided that the Department of Justice and Montenegro would not oppose that transfer. <u>Id</u>.

Plaintiff raised concerns about lack of effective assistance of counsel with interpreting his pre-sentencing report. Specifically,

Prior to sentencing, Djenasevic objected to the Presentence Investigation Report ("PSI"), arguing, inter alia, that the quantity of heroin attributed to him was incorrect, that the enhancement for obstruction of justice was unjustified, and that he should have been given a reduction for acceptance of responsibility. Djenasevic also moved for a downward departure or sentence below the range pursuant to § 5K2.0 and, alternatively,18 U.S.C. §3553 based on 44 grounds, including his cooperation with authorities. 248 Fed.Appx. at 138-139.

. . .

3

Ultimately, the district court denied all of the objections and adopted the

PSI, which contained a total offense level of 36, a criminal history category of VI,

and a guideline range of 324 to 405 months imprisonment.  Id. at 139.


Plaintiff sought to change the PSI because he could not successfully apply for a transfer to

Montenegro without an acceptance of responsibility reduction. Id. at 140.  The Court, however,

concluded that he had not accepted responsibility, noting that he pleaded guilty, stipulated to the

facts, and then persisted in denying what he had admitted. Id.


## III. <u>ARGUMENT</u>

### A.    <u>Legal Standards</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party defending a

claim may assert that the party seeking relief has failed to state a claim upon which relief can be

granted, and that a motion making this defense "shall be made before pleading if a further

pleading is permitted."  The rule provides further that if, on such a motion, "matters outside the

pleading are presented to and not excluded by the court, the motion shall be treated as one for

summary judgment and disposed of as provided in Rule 56."  FED. R. CIV. P. 12(b)(6).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall

be granted if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the movant is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  Summary

4

judgment is not a disfavored procedural shortcut, but rather is an integral part of the overall design of the rules of civil procedure, which is to secure the just, speedy, and inexpensive determination of every action.  Celotex Corp. v. Catrett, 477 U.S. 317, 327  (1986).

The party moving for summary judgment bears the initial responsibility of informing the trial court of the basis for its motion and identifying those portions of the record or other materials which it believes demonstrate the absence of a genuine issue of material fact.  Alexis v. District of Columbia, 44 F. Supp. 331, 337 (D.D.C. 1999); Celotex, supra, 477 U.S. at 323. When the moving party has carried its burden, the responsibility shifts to the nonmoving party to show that there is, in fact, a genuine issue of material fact for trial.  Alexis, 44 F. Supp. at 337.  The opposing party must provide "specific facts showing that there is a genuine issue for trial," and "may not rely on mere allegations or denials to prevail."  Id.  The trial court must enter summary judgment against a nonmoving party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial.  Celotex, supra, 477 U.S. at 322; see also Alexis, 44 F. Supp. at 337 ("Rule 56(c) *mandates* summary judgment" in this circumstance) (emphasis added).

**B.**    **Plaintiff Failed to Exhaust His Administrative Remedies**

Plaintiff failed to exhaust available administrative remedies, as required by the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, Section 803, 110 Stat. 1321, codified at 42 U.S.C. § 1997e, before bringing the instant Privacy Act and constitutional claims. For that reason, his claims must be dismissed.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff's lawsuit, brought under the Privacy Act and the Constitution, clearly qualifies as an action brought under "any other Federal law." Further, Plaintiff's action challenges the "conditions" under which he was confined. Specifically, Plaintiff alleges that inaccuracies in unspecified records caused him to be unfairly classified and hinders his extradition to Montenegro for the remainder of his sentence.[1] Thus, Plaintiff's action is governed by the PLRA's exhaustion requirement. Cf. Bethea v. U.S. Parole Comm'n, 56 Fed. Appx. 514, 515 (D.C. Cir. 2003) (unpublished) (assuming without deciding that federal prisoner must exhaust administrative remedies under PLRA before pursuing Privacy Act claim in court); 28 C.F.R. 16.97(i) (2003) ("Under present Bureau of Prisons regulations, inmates in federal institutions may file administrative complaints on any subject under the control of the Bureau. This would include complaints pertaining to information contained in [the Bureau's] systems of records").

While not jurisdictional, see Ali v. District of Columbia, 278 F.3d 1, 5-6 (D.C. Cir.2002), the PLRA's exhaustion requirement nevertheless is mandatory. See Booth v.

---

[1] Additionally, because Plaintiff has not alleged that he is either "a citizen of the United States or an alien lawfully admitted for permanent residence," as required by the Privacy Act he appears to not have standing to sue under the Privacy Act. 5 U.S.C. § 552a(a)(2); see also id § 552a(g)(1)(C) and (D) (establishing a right of action for an "individual"). See also, e.g., Fares v. INS, No. 94-1339, 1995 WL 115809, at *4 (4th Cir. 1995) (per curiam) ("[Privacy] Act only protects citizens of the United States or aliens lawfully admitted for permanent residence."); Raven v. Panama Canal Co., 583 F.2d 169, 170-71 (5th Cir. 1978) (same as Fares, and comparing "use of the word 'individual' in the Privacy Act, as opposed to the word 'person,' as more broadly used in the FOIA"); Cudzich v. INS, 886 F. Supp. 101, 105 (D.D.C. 1995) (A plaintiff whose permanent resident status had been revoked "is not an 'individual' for the purposes of the Privacy Act. . . . Plaintiff's only potential access to the requested information is therefore under the Freedom of Information Act.").

6

Churner, 532 U.S. 731, 737 (2001).  As explained recently by the U.S. Supreme Court:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.  In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation.  Booth, 532 U.S. at 737.  In other instances, the internal review might "filter out some frivolous claims."  Ibid.  And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Id. at 524-25.  The prisoner's duty to exhaust administrative remedies includes a duty to exhaust any procedures available for the appeal of adverse decisions or grievances deemed denied because of inaction on the part of the corrections system. Wendall v. Asher, 162 F.3d 887, 890-92 (5th Cir. 1998).  Moreover, the exhaustion requirement is a prerequisite to suit for money damages even where the administrative-remedy system does not itself provide for money damages.  Booth, 532 U.S. at 741.

The attached declarations of Dione Jackson Stearnes of EOUSA, Kimberly J. Del Greco of FBI, Leila Wassom of DEA, Margaret P. Grafeld of the Department of State and Vanessa Herbin-Smith of BOP  establish that Plaintiff failed to pursue any administrative challenge to correct his records under the Privacy Act.  See Exhibit 1-5.  For this reason, all claims in this lawsuit based upon Defendant's failure to correct inaccurate records that had  an adverse effect on Plaintiff's custody or classification must be dismissed with prejudice.[2]

---

[2] Plaintiff requests from the Court  a Vaughn Index and an In Camera Hearing as relief. See Compl. at p. 5. Plaintiff however makes no other mention of anything related to the  Freedom of Information Act (FOIA).  To the extent that Plaintiff would bring a claim under FOIA, such claims would also lack exhaustion of administrative remedies. Defendants reserve the right to address such claims if Plaintiff does so.

**C.**    **Plaintiff's Claims Also Fail on the Merits**

Leaving aside Plaintiff's failure to exhaust administrative remedies, his claims also must fail on the merits.  First, the records whose accuracy Plaintiff purports to challenge—presumably his Classification records or his PSI —are exempt from the accuracy provision of the Privacy Act.  Second, even if such records were not exempt, Plaintiff cannot establish the elements of an accuracy claim vis-a-vis BOP—in particular, that BOP maintained any record inaccurately.  Finally, with respect to Plaintiff's constitutional claims, such claims are barred by the exclusive remedial scheme of the Privacy Act; the federal government is immune from constitutional claims for money damages; and Plaintiff has failed to articulate any cognizable constitutional violations.

**1.**    **Privacy Act Claim**

**a.**    **The records in question are exempt from the Privacy Act**

The Privacy Act requires, *inter alia*, that agencies maintain their records "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."  5 U.S.C. § 552a(e)(5); Sellers v. Bureau of Prisons, 959 F.2d 307, 312 (D.C. Cir. 1992).  The Privacy Act provides both administrative and civil remedies for violations of its provisions.  Under § 552a(d)(2), for instance, an individual may request that an agency administratively amend records he claims are inaccurate.  Under § 552a(g)(1)(C), an individual may bring a civil action if an agency's failure to maintain accurate records results in a determination adverse to him, but may collect damages under § 552a(g)(4) only if the agency's conduct was willful or intentional.  Sellers, 959 F.2d at 312.  Injunctive relief is not available.

Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. Cir. 1997).[3]

As a law enforcement agency, BOP may be exempted from certain provisions of the Privacy Act. See 5 U.S.C. § 552a(j)(2). In 1987, the Department of Justice published a regulation exempting BOP from the *amendment* provision of the Privacy Act, 5 U.S.C. §552a(d)(2). See 28 C.F.R. § 16.85 (1987); Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. Cir. 1997). Courts in this Circuit held that, because the Bureau had not been exempted from the *accuracy* provision of the Privacy Act, the Bureau remained subject to civil actions under subsection (g)(1)(C) and of the Act. See Sellers, 959 F.2d at 309 (allowing civil action against BOP because "regulations governing the Bureau of Prisons and U.S. Parole Commission do not exempt those agencies' records from section (e)(5) of the Act"); see also Deters v. U.S. Parole Comm'n, 85 F.3d 655, 657 (D.C. Cir. 1996) ("Subsection (g)(1)(C) provides a civil remedy if an agency fails to satisfy the standard in subsection (e)(5)").

In 2002, however, the Department of Justice published a regulation exempting certain types of Bureau record systems from the accuracy provision of the Privacy Act, § 552a(e)(5). See 28 C.F.R. § 16.97. Among the record systems exempted from the accuracy provision was the Bureau's Inmate Central Records System, which contains all records potentially relevant to the case at bar, i.e. Plaintiff's Classification records. See 28 C.F.R. § 16.97(j). Thus, any purportedly inaccurate records are exempt from the amendment and accuracy provisions of the Privacy Act, and this Court lacks subject matter jurisdiction over Plaintiff's Privacy Act claim.

---

[3] To the extent Plaintiff seeks injunctive relief, it is not available under the accuracy provisions of the Privacy Act. However, under certain circumstances that do not appear to present in this matter, injunctive relief is available under the amendment provisions of the Act. Risley, 108 F.3d 1396, 1397.

### b.    Plaintiff Cannot Establish the Elements of a Privacy Act Claim

Even if the Classification records in question were not exempt from the amendment and accuracy provisions of the Privacy Act, Plaintiff could not make out a claim. He cannot show that Defendant intentionally maintained any inaccurate record.

To prevail on an accuracy claim for money damages under the Privacy Act, a Plaintiff must prove that: (1) an agency failed to maintain accurate records; (2) it did so intentionally or willfully; and (3) as a result, the agency made a determination adverse to him. See Deters v. U.S. Parole Comm'n, 85 F.3d 655, 657 (D.C. Cir. 1996); Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 583 (D.C. Cir. 2002) (Plaintiff must show: "inaccurate records, agency intent, proximate causation, and an 'adverse determination.'"). In order to establish willfulness, a Plaintiff must prove that the agency "'acted with something greater than gross negligence.'" Deters, 85 F.3d at 660 (quoting Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987)). "An agency acts in an intentional or willful manner either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act. The violation must be so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful." Deters, 85 F.3d at 660 (internal quotations omitted).

Aside from the Court's lack of jurisdiction and Plaintiff's failure to exhaust administrative remedies, the fundamental deficiency in Plaintiff's Privacy Act claim is that he has failed to identify any particular inaccurate record. He merely alleges that, based on the fact that he is not satisfied with his classification and that he was extradited based upon false and misleading information that his records should be changed. See Complaint at 3-4. Such an allegation does not support a claim under the Privacy Act. As this Court has explained:

10

> The statute allows for correction of facts but not correction of opinions or judgments, no matter how erroneous such opinions or judgments may be. See Peller v. Veterans Admin., 790 F.2d 1553, 1555 (11th Cir.1986) ("The Privacy Act allows for the amendment of factual or historical errors. It is not, however, a vehicle for amending the judgments of federal officials ... as ... reflected in records maintained by federal agencies."). The opinions of agency officials "may be subject to debate, but they are not subject to alteration under the Privacy Act as long as the opinions are recorded accurately." Reinbold v. Evers, 187 F.3d 348, 361 (4th Cir.1999). . ..

McCready v. Principi, 297 F. Supp. 2d 178, 190 (D.D.C. 2003). Plaintiff's attempt to challenge the decision-making of the Court officials who prepared his PSI simply does not support a claim under the Privacy Act.[4]

Thus, even if this Court did have jurisdiction over Plaintiff's Privacy Act claim, and even if Plaintiff had properly exhausted his administrative remedies, the claim could not succeed on the merits.

**D.    The Court Lacks Subject Matter Jurisdiction to Hear Plaintiff's Claim. Plaintiff's Claim Should Be Presented in a Petition for a Writ of Habeas Corpus, Rather than under the Privacy Act.**

Plaintiff is currently confined at USP Allenwood, Pennsylvania. He brings this Privacy Act damages suit in lieu of pursuing the required avenue to gain judicial review of a denial of extradition: a *habeas corpus* petition under 28 U.S.C. §2241.

A prisoner's challenge to the duration of his custody must first proceed in *habeas corpus*. Razzoli v. Federal Bureau of Prisons, 230 F.3d 371 (D.C. Cir. 2000); see also Wolf v. McDonnell, 418 U.S. 539, 556-57 (1974); see also Preiser v. Rodriguez, 411 U.S. 475, 487-88 (1973); see also Chatman-Bey v. Thornburgh, 864 F.2d 804 (D.C. Cir.1988)(en banc); see also

---

[4] In addition, Plaintiff has not alleged any intentional or willful conduct sufficient to support a Privacy Act claim for money damages.

Toussaint v. McCarthy, 801 F.2d 1080, 1096 n.14 (9th Cir. 1986), cent. denied 481 U.S. 1069

(1987); see also Fendler v. United States Parole Commission, 774 F.2d 975, 979 (9th Cir. 1985);

see also McCollum v. Miller, 695 F.2d 1044, 1046 (7th Cir. 1982). In Razzoli v. Federal

Bureau of Prisons, 230 F.2d 371, a prisoner claiming that the Bureau of Prisons and the Parole

Commission used a record they knew to be false, could not proceed with his suit under the

Privacy Act. The Court in Razzoli found that the Privacy Act claim in regard to the 'good time

decision' and also in regard to 'parole eligibility' is not cognizable. Id. (citing Heck v. Humphrey,

512 U.S. 477 (1994)). Similarly, in the case at hand Plaintiff should have proceeded by filing a

petition for writ of *habeas corpus* because he was challenging a pre-sentencing report that he

alleged was based on erroneous information. Plaintiff's challenge in this case is to the pre-

sentencing recommendations regarding the duration, classification and flexibility of the location

of his confinement, and the documentary basis for that decision.

A Privacy Act lawsuit cannot be maintained under section (e)(5) when the plaintiff

challenges an adverse agency determination but has failed to exhaust "the established and proven

method" by which individuals, distressed by agency treatment of their applications for relief, seek

judicial review. White v. United States Civil Service Comm'n., 589 F.2d 713, 715 (D.C. Cir.

1978). Since Plaintiff has failed to bring a *habeas corpus* petition prior to bringing this Privacy

Act lawsuit, the Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Dismissal of Plaintiff's claims for Privacy Act relief against the defendants is required

under Rule 12(b)(1), Rule 12(b)(6) and Rule 56, Federal Rules of Civil Procedure.

## IV. **CONCLUSION**

For the foregoing reasons, defendant respectfully request that this Court dismiss Plaintiff's

Complaint in its entirety with prejudice.

Respectfully Submitted,

_____
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney

_____
RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney

_____/s_____
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
Benton.Peterson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the FEDERAL DEFENDANTS' MOTION along with this Certification, has been served on January 31, 2008 by first class U.S. mail, postage pre-paid to:

KABIL ANTON DJENASEVIC
R41112-015
ALLENWOOD
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
WHITE DEER, PA 17887

/S/
BENTON G. PETERSON,
Assistant United States Attorney

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KABIL ANTON DJENASEVIC
        Plaintiff

        v.                          CASE NUMBER: 1:07-cv-01685

EXECUTIVE UNITED STATE'S OFFICE, et al
        Defendants

DECLARATION OF KIMBERLY J. DEL GRECO

I, Kimberly J. Del Greco hereby declare:

        1.)  I am the Section Chief of the Biometric Services
Section, Criminal Justice Information Services (CJIS) Division,
Federal Bureau of Investigation (FBI), U.S. Department of
Justice, Clarksburg, West Virginia.  I entered on duty with the
FBI on July 23, 1995, and assumed my present position on July 13,
2003.

        2.)  The statements contained in this declaration are
based upon my personal knowledge, upon information provided to me
in my official capacity, and upon conclusions and determinations
reached and made in accordance therewith.  Due to the nature of
my official duties, I am familiar with the procedures for
acquiring, collecting, classifying, preserving, and exchanging
identification, criminal identification, crime, and other
records.

        3.)  Title 28 United States Code (U.S.C.), Section 534
authorizes the United States Attorney General to acquire,

collect, classify, and preserve identification, criminal identification, crime, and other records.  The authority and power vested in the United States Attorney General to perform these functions has been delegated to the FBI. (See 28 Code of Federal Regulations (C.F.R.) § 0.85(b)).

4.)   The Criminal Justice Information Services (CJIS) Division is the primary component within the FBI which maintains the records described above.  It incorporates the Fingerprint Identification Records System (FIRS), the National Crime Information Center (NCIC), and the National Instant Criminal Background Check System.

5.)   The FIRS serves as the nation's central repository for CHRI based on fingerprint submissions from authorized federal, state, local, territorial, tribal, military, and certain international criminal justice agencies.

6.)   The NCIC is a nationwide computerized information system containing information pertaining to fugitives, missing persons, stolen property, and other similar criminal justice objectives.  The NCIC also serves as the telecommunications link to an automated system of criminal history record information known as the Interstate Identification Index (III).  The III houses the fingerprint-based CHRI.

7.)   28 C.F.R. §§ 16.30 through 16.34 set forth the procedures to be followed when the subject of an FBI identification record requests production of that record to

review it or to obtain change, correction, or updating.

28 C.F.R. § 16.31 defines an FBI identification record, commonly referred to as a "rap sheet," as a listing of certain information taken from fingerprint submissions retained by the FBI in connection with arrests.  If the fingerprints concern a criminal offense, the identification record includes the name of the agency that submitted the fingerprints to the FBI, the date of arrest or the date the individual was received by the submitting agency, the arrest charge, and the disposition of the arrest if known to the FBI.  All arrest data included in an identification record are obtained from fingerprint submissions, disposition reports, and other reports submitted by agencies having criminal justice responsibilities.  Therefore, the FBI CJIS Division is not the source of the arrest data reflected on an identification record.

8.)  Procedures to obtain change, correction, or updating of identification records are contained in 28 C.F.R. § 16.34.  Specifically, if after reviewing his/her identification record, the subject believes it is incorrect or incomplete in any respect and wishes to change, correct, or update the alleged deficiency, he/she should make application directly to the agency which contributed the questioned information.  The subject of a record may also direct his/her challenge as to the accuracy or completeness of any entry on his/her record to the FBI, CJIS Division, Attention:  Correspondence Group, Module E-1, 1000

Custer Hollow Road, Clarksburg, West Virginia 26306.  The FBI
will then forward the challenge to the agency which submitted the
data and request that agency verify or correct the challenged
entry.  Upon the receipt of an official communication directly
from the agency which contributed the original information, the
FBI CJIS Division will make any changes necessary in accordance
with the information supplied by that agency.

    9.  A review of the FBI CJIS Division's files fails to
reveal any correspondence from Plaintiff requesting a copy of his
FBI identification records and/or challenging the accuracy,
completeness of the information contained therein.

    Pursuant to  28 U.S.C. § 1746, I declare under penalty
of perjury that the foregoing is true and correct.

                    Executed this 29 th of January, 2008.


                    _____
                    Kimberly J. Del Greco
                    Section Chief
                    Biometric Services Section
                    Criminal Justice Information
                      Services Division
                    Federal Bureau of Investigation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                )
                                )
    Kabil Anton Djenasevic       )
                                )
            Plaintiff,           )
                                )
            v.                   )      Civil Action No.
                                )         07-1685
    Department of State, et al.  )
                                )
            Defendants.          )
                                )
                                )
                                )
```

DECLARATION OF MARGARET P. GRAFELD

I, Margaret P. Grafeld, declare and state as follows:

1.  I am the U.S Department of State's Information and
Privacy Coordinator and the Director of the Department's
Office of Information Programs and Services (IPS).  In these
capacities, I am the Department official immediately
responsible for responding to requests for records under the
Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy
Act, 5 U.S.C. § 552a, and other applicable records access
provisions.  I have been in the employ of the Department of
State since 1974, and have served with the Department's
Information Access Program for most of my tenure with the

Department.  I am authorized to classify and declassify national security information pursuant to Executive Order (E.O) 12958, as amended, and Department of State regulations set forth in 22 C.F.R. §§ 9.7, 9.14.  I make the following statements based upon my personal knowledge, which in turn is based on a personal review of the records in the case file established for responding to this litigation, and upon information furnished to me in the course of my official duties.  I have read the complaint filed by the plaintiff in the above-captioned matter, and I am familiar with the efforts of Department personnel to locate any and all requests that plaintiff claims to have submitted.

2.  IPS is responsible for the receipt, acknowledgement, and processing of external requests for Department records. External requests include those that have been made by the general public (under the FOIA; the Privacy Act, including requests for amendment of Privacy Act records; or the Mandatory Declassification Review requirements of E.O 12958), members of Congress, other government agencies, and those that have been made pursuant to judicial processes, such as subpoenas, court orders, and discovery requests.  IPS also provides retrieval services for computerized paper records that are maintained in the Central Foreign Policy File, a principal records system of the Department; reviews for

*Kabil Anton Djenasevic v. Department of State, et al.*
*Grafeld Declaration*

disclosure Department records dealing with general foreign policy of the United States; and, in general, coordinates search and review action in response to external requests for Department records.

3.  As explained in the Department's regulations (22 C.F.R. § 171) and on the Department's website, www.foia.state.gov, FOIA or Privacy Act requests for Department of State records must be addressed to IPS.

4.  IPS maintains an automated case tracking system which assigns case control numbers to, and tracks the status of, all FOIA and Privacy Act requests received by IPS.  IPS logs all incoming FOIA and Privacy Act requests into this automated case tracking system, and inputs information about each request into the system (including, but not limited to, the requester's name and/or organization and, in the case of FOIA requests, the request's topic).  All requesters are then notified of the case control numbers assigned to their requests.  It is our custom to refer to the case control numbers in all correspondence with requesters.  The automated case tracking system is text searchable on a field-by-field basis.

5.  Plaintiff alleges that the information in agency records relating to his extradition from South Africa is

"false and misleading" and he seeks all files "proffered to a foreign nation (South Africa)."

6.    After receiving notice of this lawsuit, IPS searched appropriate fields in the automated case tracking system described above for a request from or about Kabil Anton Djenasevic for the time period up to the date of plaintiff's filing, September 24, 2007.  Using this method, I can state that there was no record that any FOIA or Privacy Act request had been received in IPS from or about Kabil Anton Djenasevic during the relevant time period.  Based on the manner of storing and retrieving this information in the ordinary course of business within IPS, I can attest that had such a request been received by IPS from a requester identifying himself as Kabil Anton Djenasevic, that request would have been located through the search conducted.  Further, had IPS received any FOIA or Privacy Act request from plaintiff, the request would have been assigned a case control number, and plaintiff would have been notified of that case control number.

7.    In sum, all FOIA and Privacy Act requests must be received by IPS.  IPS found no record of receiving any request from plaintiff, and plaintiff did not refer in his complaint to any case control number assigned by the Department.

*Kabil Anton Djenasevic v. Department of State, et al.*
*Grafeld Declaration*

Therefore, I have concluded that the Department did not receive any FOIA or Privacy Act request from plaintiff.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this _____ day of January, 2008.

Margaret P. Grafeld

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

KABIL ANTON DJENASEVIC,         )
                                        )

    PLAINTIFF,                   )

        v.                      )   Civ. No. 07-1685

EXECUTIVE OFFICE            )
FOR U.S. ATTORNEYS,        )

    DEFENDANTS

_____   )

## DECLARATION OF DIONE JACKSON STEARNS

I, Dione Jackson Stearns, declare the following to be a true and correct statement of facts:

1.)    I am an Attorney Advisor in the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"). I am assigned to the component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, and the Privacy Act of 1974 ("PA"), 5 U.S.C.§552a.

2.)    Due to the nature of my official duties, I am personally familiar with the FOIA/PA request made to EOUSA by Kabil A. Djenasevic, which forms the basis for this litigation.

3.)    My official duties include: making final disclosure determinations on records requested by an individual or organization using the FOIA/PA; ensuring compliance with the provisions of the FOIA and PA, and Department of Justice FOIA Regulation 28 C.F.R. § 16.3 *et seq.* and § 16.40 *et seq.*; and defending EOUSA's position in litigating challenges to EOUSA's

initial actions.

4.)    My official duties also include: acting as liaison between EOUSA and the components within the DOJ regarding FOIA/PA requests; reviewing requests for records sought from EOUSA and /or the 94 U.S. Attorney's Offices ("USAO's"); reviewing request-related correspondence; reviewing searches performed in response to requests; and, reviewing proposed responses made to those requests.

5.)    The statements that follow are made on the basis of my review of EOUSA's official files and records, my own personal knowledge, and the information I acquired in performing my official duties.

## OVERVIEW

6.)    On September 24, 2007, Mr. Djenasevic filed a complaint under the Privacy Act against the "Executive United States Attorneys Office" in the District Court for the District of Columbia for "maintenance of accurate records".

7.)    On September 25, 2007, both the United States Attorney Office ("USAO") for the Middle District of Florida ("MDF") and EOUSA received a request dated September 10, 2007, from Kabil Anton Djenasevic ("Mr. Djenasevic"). Both September 25, 2007 letters were the same except for the agencies addresses. (**See** Exhibits A and B.)

8.)    In the letters, Mr. Djenasevic identified the USAO/MDF as the place where responsive records may exist. He did not, however, seek "maintenance of accurate records". Rather, his request sought access to the following information:

> **"The records [which] were generated in connection with the investigation and prosecution of <u>United States v. Djenasevic</u>, case number 8:02 CR424 in the U.S. District Court for the Middle of District of Florida, Tampa".**

(**See** Exhibits A and B.)

9.)    Upon receipt of Mr. Djenasevic's September 25, 2007 letter, EOUSA assigned request number 07-3296 to it.  This is the only request that EOUSA received from Mr. Djenasevic.

10.)    By letter dated October 9, 2007, the USAO /MDF acknowledged Mr. Djenasevic's request and advised him that in the future he should direct all FOIA matters to EOUSA FOIA/PA Office in Washington. (**See** Exhibit C.)

11.)    By fax dated October 9, 2007, EOUSA received a copy of Mr. Djenasevic's September 25, request letter to the USAO/MDF.  (**See** Exhibit D. )

12.)    On October 11, 2007, EOUSA requested that the USAO/MDF conduct a search.

## ADEQUACY OF THE SEARCH

13.)    Upon receipt of Mr. Djenasevic's request, a search to determine the location of any and all files relating to Mr. Djenasevic was undertaken. The USAO/MDF conducted a systematic search for records. The computer case tracking system, the Legal Information Office Network System, ("LIONS") was used to determine all possible locations of responsive files.  LIONS database is a Privacy Act system of records that contains criminal investigative files and civil files compiled by USAO/MDF for law enforcement purposes. As a Privacy Act System of Records, LIONS can retrieve information based on a defendant's name. Information is also retrievable by the USAO file jacket number, and district court case number. According to LIONS, Mr. Djenasevic's records were located in the Tampa office. The records were requested from the Docketing Section and Court docket sheets were ordered as well.  1 box

3

of responsive records was received from Docketing, which included his criminal and appellate

files. This box represented the entirety of records maintained by the USAO/MDF. All responsive

records were copied and shipped to EOUSA for processing. (**See** Exhibit E Declaration of

Belinda Brown.)

### EOUSA'S DISCLOSURE DETERMINATION

    14.) By letter dated January 22, 2008, EOUSA made a final release

determination on Mr. Djenasevic's Request Number 07-3296. This letter advised him that 4

pages are being released in part, 65 pages are being released in full; and, 200 pages are being

withheld in full pursuant to 5 U.S.C. §§ 552(b)(2), (b)(3), Federal Rules of Criminal Procedure

6(e), (b)(3), Ethics in Government Act of 1978 5 U.S.C. App. 4 § 107(a), (b)(5), (b)(6), (b)(7)(C),

and 5 U.S.C. § 552a(j)(2). The letter also advised that pages of material that originated with other

federal agencies were located in the files of the USAO, and that EOUSA referred the material to

the originating agencies for review and direct response to him. EOUSA further advised Mr.

Djenasevic that 7 pages are his PSI, 35 pages are grand jury material, 322 pages were duplicates,

and that there are public records contained in the files of the USAO and that he could obtain

copies from the clerk of the court or EOUSA upon making a specific request. Finally, EOUSA

advised Mr. Djenasevic of his right to file an administrative appeal with the Office of Information

& Privacy ("OIP"), Department of Justice. (**See** Exhibit F.)

    15.) Pursuant to Mr. Djenasevic's September 24, 2007 compliant, EOUSA's

disclosure determination is not at issue in this case, and is therefore not discussed in detail in this

Declaration.

    16.) As of this date, the Department of Justice, Office of Information and

Privacy (OIP) has no record of receipt of an appeal from Mr. Djenasevic.

## **CONCLUSION**

17.)     Each step in the handling of the records has been entirely consistent with

EOUSA and the United States Attorney's Office procedures which were adopted to insure an

equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalties of perjury that the foregoing is true and correct.

Executed this _29th_ day of _January_ , 2008

DIONE JACKSON STEARNS
Attorney Advisor, EOUSA

Name: **KAbil ANTON DJENASEVIC**
Reg. # **41112—018**
Address: USP Allenwood
Box 3000
White Deer, Pa 17887

RECEIVED

2007 SEP 25  PM 2:07

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

Date: **SEPT. 10, 2007**

Agency:
Address: **EOUSA FOI/PA Unit**

**DEPT OF JUSTICE**

**600 E. St. NW Rm 7300**

**Washington DC 20530**

Re:  Freedom of Information and Privacy Act Request

Dear Sir/Madam:

This is a formal request made under the Freedom of Information Act
(5 U.S.C. § 552) and Privacy Act (5 U.S.C. § 552a) by which I seek access
to your agency records.  **The records are located at the following field**
office noted below:

**U.S. Attorney office**
**for the middle District**
**of Florida (TAMPA**
**Division)**

The records were generated in connection with  the investigation and
prosecution of United States v. **DJENASEVIC** ,  case #**8:02 Cr. 484 T 17**,
in the U.S. District Court for the  **MIDDLE D.** of  **Florida (TAMPA)**.

As required by the Acts I agree to pay all copying fees in regard to
this request for access to records. As also required by the Acts a Cer-
tificate of identity is provided on the reverse side of this request.

Pursuant to the Acts your agency has 20 business days in which to
respond to my request for access to records.  If your agency fails to
give a response in that time period, it will be deemed a denial and an
administrative remedy will be sought.

Thank you for your assistance in this matter.

Sincerely yours,



Name: Djemasevic KABIL Anton
Reg. # 41112-018
Address:  USP Allenwood
          Box 3000
          White Deer, Pa 17887

K. Peluso

Date:


Agency:
Address:  U.S. Attorneys office

          Middle district of Florida

          — Tampa Division

          400 N Tampa St Suite 3200
          Tampa Florida 33602

Re:  Freedom of Information and Privacy Act Request


Dear Sir/Madam:

     This is a formal request made under the Freedom of Information Act
(5 U.S.C. § 552) and Privacy Act (5 U.S.C. § 552a) by which I seek access
to your agency records.  The records are located at the following field
office noted below:

          400 N. Tampa Street

          Tampa Florida 33602

          Suite 3200


     The records were generated in connection with  the investigation and  criminal
prosecution of United States v. Djemasevic, K.A.,  case #424-T-17-map.,
in the U.S. District Court for the  middle  of  District of Florida Tampa


     As required by the Acts I agree to pay all copying fees in regard to
this request for access to records. As also required by the Acts a Cer-
tificate of identity is provided on the reverse side of this request.

     Pursuant to the Acts your agency has 20 business days in which to
respond to my request for access to records.  If your agency fails to
give a response in that time period, it will be deemed a denial and an
administrative remedy will be sought.

     Thank you for your assistance in this matter.

     Sincerely yours,

GOVERNMENT
EXHIBIT
B

Oct-09-2007  12:14pm  From-
                                                    T-156   P.006    F-352
*Main Office*
*400 North Tampa Street, Suite 3200*
*Tampa, Florida 33602*
*813/274-6000*
*813/274-6358 (Fax)*

*300 North Hogan Street, Suite 700*
*Jacksonville, Florida 32202*
*904/301-6300*
*904/301-6310 (Fax)*



*2110  First Street, Suite 3-137*
*Fort Myers, Florida 33901*
*239/461-2200*
*239/461-2219 (fax)*

*501 W. Church Street, Suite 300*
*Orlando, Florida 32805*
*407/648-7500*
*407/648-7643 (Fax)*

## U.S. Department of Justice
### United States Attorney
### Middle District of Florida

*Reply to:*
**Tampa, FL**

October 9, 2007

Mr. Kabil Anton Djenasevic
Reg. No. 41112-018
USP Allenwood
Post Office Box 3000
White Deer, Pennsylvania 17887

Re:    Freedom of Information Act (FOIA) Request for Records

Dear Mr. Djenasevic:

The United States Attorney's Office has received your FOIA request dated September 25, 2007.  Your request was forwarded to the Freedom of Information Act Unit, Executive Office for the United States Attorneys in Washington D.C. on October 9, 2007.

Federal regulation 28 U.S.C. § 16.3 requires that all United States Attorneys offices forward FOIA requests to the FOIA Unit in Washington D.C.  That office coordinates the processing of all FOIA requests for all of the United States Attorneys Offices and will respond directly with you regarding your request.

In the future, please direct all of your FOIA matters to the FOIA Unit in Washington D.C. as this will accelerate the processing of your request.  The address for the FOIA Unit is:

Freedom of Information Act/Privacy Act Unit
Executive Office for United States Attorneys
600 E Street, N.W., Room 7300
Washington D.C. 20530
Telephone: 202-616-6757
Facsimile: 202-616-6478



GOVERNMENT
EXHIBIT

Mr. Kabil Anton Djenasevic
October 9, 2007
Page 2


        If you have any questions regarding this matter, please direct your questions to
the FOIA Unit in Washington DC.


                                    Sincerely,

                                    JAMES R. KLINDT
                                    Acting United States Attorney

                    By:

                                    Christina Griffins
                                    Paralegal Specialist

Oct-09-2007  12:13pm    From-                                    T-156   P.002   F-352

# Memorandum



| Subject | Date |
|---|---|
| FOIA Request<br>Requestor - Kabil Anton Djenasevic<br>Subject of Request - Self | October 9, 2007 |

**To**

Assistant Director
Dept. of Justice, FOIA Unit, BICN Bldg.
600 E Street, N.W., Room 7100
Washington, DC 20530

**From**

JAMES R. KLINDT, Acting US Attorney
By C. Griffiths, FOIA Contact
400 N. Tampa St., Suite 3200
Tampa, Florida 33602

   Attached is a FOIA request from Kabil Anton Djenasevic who is seeking documents pertaining to himself.  According to LIONS, there is a pending criminal case, USAO 2002R02551, Case No. 8:02cr424T, as to Djenasevic.

   Please contact me at (813) 274-6079 if you need additional information.

(FAXED TO 202/616-6478)



GOVERNMENT
EXHIBIT
D

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

KABIL ANTON DJENASEVIC,

    Plaintiff,

      V.

    . Civil No. 07-3296

Executive United States Attorney's Office,
Et. Al

    Defendant.

## DECLARATION OF BELINDA BROWN

    I, Belinda Brown, declare the following to be a true and correct statement of facts:

    1.     This Declaration addresses the searches that I conducted for records responsive to the FOIA request made by Mr. Kabil A. Djenasevic.

    2.     My current collateral duties include being a Freedom of Information Act ("FOIA") contact of the United States Attorney's Office ("USAO"), Middle District of Florida (MDFL), Tampa Division. Since 1992 to the present, I have been a FOIA contact between the USAO/MDFL and the Executive Office for United States Attorneys. ("EOUSA"). My responsibilities as a FOIA contact include researching our records and preparing/submitting responses to EOUSA in response to FOIA requests. As a FOIA contact, I handle approximately ten FOIA requests per year. I conduct searches for documents that might be responsive to a FOIA request. Once I locate all responsive documents, I sort through them and separate responsive records from non-responsive records. After I have determined the response would not require a fee letter, I then copy and forward the responsive records to EOUSA. If I find that the records are voluminous and a fee letter needs to be sent to the requestor, I notify EOUSA of such.



EOUSA makes all determinations regarding the release or withholding of records. The statements I make herein are either on the basis of my own personal knowledge or on the basis of knowledge acquired by me through the performance of my official duties.

3.    Due to the nature of my official duties, I am familiar with procedures followed by this Office in responding to Mr. Djenasevic's request. As a FOIA contact, my assignments are given to me by our office's FOIA Coordinator, Chris Griffiths.

4.    Regarding FOIA Request #07-3206, I was instructed by Ms. Griffiths to respond to the request sent by EOUSA to conduct a search for any records this office may have regarding Kabil Anton Djenasevic by November 21, 2007. Ms. Griffiths had already searched the Legal Information Network System ("LIONS") database, and attached those reports to the request. LIONS is the case management/tracking system used by USAOs to record and maintain up-to-date information on cases and matters opened by Assistant U.S. Attorneys ("AUSAs") and to produce a variety of reports on that information. The LIONS system showed that Kabil A. Djenasevic's records were located in the Tampa office.

5.    Upon receipt of the instant request, I requested Djenasevic's records from our Docketing Section, and ordered Docket sheets from the Court as well. I was not able to work on the matter further due to a heavy workload and the Court-imposed deadlines I had to meet. When I determined I was unable to meet the deadline, on November 20, 2007, I sent Shirley Botts, EOUSA, an e-mail requesting a 30-day extension to send my response, citing my reasons for the extension, i.e. heavy workload, responsive court dates, and pending leave. Ms. Botts informed me she forwarded my request to Mr. Garry Stewart, also with EOUSA, for approval because of the length of the extension. Mr. Stewart granted the extension, but asked that I try to

2

get it done sooner or have someone else do it if possible.  The new due date was December 21,

2007.

6.      I reviewed each paper contained in the box I received from Docketing, which

included his criminal and appellate files for responsive materials.  This box represented the

entirety of records maintained by this office.  I copied all responsive materials and sorted them as

instructed in the Form No. 010 checklist.  Court records and grand jury materials were counted

and the approximate page count was entered on Form No. 010.

7.      On December 17, 2007, I forwarded my response to Shirley Botts with EOUSA.

According to a FedEx shipping confirmation e-mail, the records were received in EOUSA on

December 18, 2007.

8.      I attached "pending" FOIA labels on the record box, warning others that the case

had a FOIA pending and that no records should be destroyed until it is clear that the matter is

closed with FOIA/EOUSA.

9.      On January 22, 2007, EOUSA requested that I make a statement regarding the

search conducted in November and December 2007.  The above contains the summary of the

search I conducted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this  24th day of January 2008 in Tampa, Florida.


*Belinda Brown*
BELINDA BROWN
FOIA Contact
Office of the U.S. Attorney
Middle District of Florida, Tampa Division
400 N. Tampa Street, Suite 3200
Tampa, FL  33602
Telephone: (813) 274-6000

3



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

---

Requester: **Kabil A. Djenasevic**          Request Number: **07-3296**

Subject of Request: **Self/FLM**

Dear Requester:

　　Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

　　To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

　　The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ **X** ] partial [　] full denial.

　　Enclosed please find:

　**65**　　page(s) are being released in full (RIF);
　**4**　　page(s) are being released in part (RIP);
　**200**　　page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

　　The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

|  Section 552 | | | Section 552a |
|---|---|---|---|
| [　] (b)(1) | [　] (b)(4) | [　] (b)(7)(B) | [ **X** ] (j)(2) |
| [ **X** ] (b)(2) | [ **X** ] (b)(5) | [ **X** ] (b)(7)(C) | [　] (k)(2) |
| [ **X** ] (b)(3) | [ **X** ] (b)(6) | [　] (b)(7)(D) | [　] (k)(5) |
| **FRCrP 6(e)** | [　] (b)(7)(A) | [　] (b)(7)(E) | [　] _____ |
| **5USC App. 4 sec. 107** | | [　] (b)(7)(F) | |
| **5CFR sec. 2634.604** | | | |

[ **X** ] In addition, this office is withholding grand jury material which is retained in the District.



(Page 1 of 2)
Form No. 021 - no fee -3/07

[  X  ] A review of the material revealed:

[ X ]   <u>285</u>   pages originated with another government component.  **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.**  These records will be referred to the following component(s) listed for review and direct response to you: <u>Drug Enforcement Administration (DEA)/275 pages, United States Marshals Service (USMS)/7 pages and Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)/ 3 pages</u> .

[ X ]   There are public records which may be obtained from the clerk of the court or this office, upon specific request.  If you wish to obtain a copy of these records, you must submit a new request.  These records will be provided to you subject to copying fees.

[ X ]   See additional information attached.

This is the final action on this above-numbered request.  You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**.  Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Assistant Director

Enclosure(s)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KABIL A. DJENASEVIC           )
                                    )

          **Plaintiff,**       )
                                    )

          **v.**                )
                                    )  **Civil Action No. 07-1685 RWR**

**EXECUTIVE OFFICE FOR UNITED STATES** )
**ATTORNEYS, et al.,**        )
                                    )

                                    )
          **Defendant.**      )
——————————————————————— )

## DECLARATION OF LEILA I. WASSOM

1. I am a Drug Enforcement Administration (DEA) Paralegal Specialist, currently assigned to the Office of Chief Counsel, Administrative Law Section (CCA), DEA Headquarters, Washington, D.C. From August 1991 to June 2005, I was assigned to the Freedom of Information and Records Management Section, DEA Headquarters.

2. I review for litigation purposes both the initially processed and appealed Freedom of Information Act (FOIA) and Privacy Act (PA) requests received by DEA. I have performed these duties at DEA since 1991.

3. My duties require that I am familiar with the policies and practices of DEA regarding the processing and release of information requested under the FOIA/PA, and the application of the FOIA/PA and exemptions for which I have received formal and on the job training.

4. In preparing this declaration, I have read and am familiar with the complaint, in the above entitled action, and the records maintained by the DEA Freedom of Information Operations Unit (SARO).

5. SARO is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA. I am familiar with the policies, practices and procedures employed by SARO that relate to the search for, and the processing and release of information responsive to FOI/PA requests received by the DEA.

## SUMMARY OF CORRESPONDENCE AND ADMINISTRATIVE ACTION

6. By letter dated September 10, 2007, the plaintiff requested information regarding his criminal case, providing his criminal case number, and stating that the records were located at the Tampa, Florida field office. DEA does not maintain records indexed by criminal case number. A copy of the plaintiff's letter dated September 10, 2007, is attached as Exhibit A.

7. By letter dated October 24, 2007, DEA acknowledged the plaintiff's request, informing him that it had not yet been assigned a FOIA/PA number, since the FOIA office was backlogged. DEA informed the plaintiff that a request number would be assigned at a later date. A copy of the DEA letter dated October 24, 2007, is attached as Exhibit B.

8. By letter dated November 7, 2007, DEA informed the plaintiff that his request had been opened and assigned DEA FOIA Request Number 08-0158-P, and would be handled in chronological order based upon the date of its letter. DEA informed the plaintiff that it does not

-2-

index, maintain, or retrieve investigative information by criminal/court docket numbers, and that it would conduct a search using the personal identifiers the plaintiff provided. A copy of the DEA letter dated November 7, 2007, is attached as Exhibit C.

9. By letter dated November 23, 2007, the plaintiff thanked DEA for its response. A copy of the plaintiff's letter dated November 23, 2007, is attached as Exhibit D.

10. By letter dated January 7, 2008, DEA released portions of 74 pages to the plaintiff. Twenty-nine pages were withheld in their entirety. Information was withheld pursuant to FOIA exemptions (b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(F), and PA exemption (j)(2). DEA informed the plaintiff that its rules and regulations applicable to FOIA requests are publicly available in the Code of Federal Regulations. DEA informed the plaintiff that it was in the process of consulting with another government agency regarding additional documents, because certain documents contained information furnished by another government agency. Finally, DEA informed plaintiff of his administrative appeal rights which allow him to appeal any denial within 60 days from the January 7, 2008, letter. A copy of the DEA letter dated January 7, 2008, is attached as Exhibit E.

11. By second letter dated January 7, 2008, DEA forwarded two (2) pages to U.S. Citizenship and Immigration Services (CIS) for consultation and return to DEA. As of this date, DEA has received no response from CIS. A copy of the second DEA letter dated January 7, 2008, is attached as Exhibit F.

12. By third letter dated January 31, 2008, DEA released portions of 17 pages and five (5) pages to the plaintiff in their entirety. Information was withheld pursuant to FOIA exemptions (b)(2),

(b)(7)(C), (b)(7)(D), and (b)(7)(F) and Privacy Act exemption (j)(2). A copy of the DEA letter dated January 31, 2008, is attached as Exhibit G.

13. As of this date, the Department of Justice, Office of Information and Privacy (OIP) has no record of a receipt of an appeal from the plaintiff. OIP is the FOIA appellate office within the Department of Justice.

## ADEQUACY OF SEARCH

14. Criminal investigative records about the plaintiff were reasonably likely to be found in the DEA Investigative Reporting and Filing System (IRFS), JUSTICE/DEA-008. IRFS is a DEA Privacy Act System of Records that contains all administrative, general, and criminal investigative files compiled by DEA for law enforcement purposes.

15. The DEA Narcotics and Dangerous Drugs Information System (NADDIS) is the index to and the practical means by which DEA retrieves investigative reports and information from IRFS. As an index, NADDIS points to investigative files and particular DEA Reports of Investigation (ROI), DEA Form-6 or other documents by date, that contain information regarding a particular individual or subject of an investigation. Individuals are indexed and identified in NADDIS by their name, Social Security Number, and/or date of birth.

16. In response to plaintiff's request, a total of 127 pages of material were identified. One hundred and five pages were identified by SARO. Pursuant to a litigation review, 22 additional pages were identified by CCA. Of the 127 pages, portions of 91 pages and five (5) pages in their

-4-

entirety were released to the plaintiff, and 29 pages were withheld in their entirety.  Two (2)

pages were referred to another agency for consultation.  Information was withheld pursuant to

FOIA exemptions (b)(2), (b)(7)(C), (b)(7)(D), (b)(7)(F), and the Privacy Act, 5 U.S.C. §

552a(j)(2).

17.  The subject of this declaration and the statements set forth herein are true and correct either

on the basis of my personal knowledge or on the basis of information acquired by me through the

performance of my official duties.

I declare under the penalty of perjury that the foregoing is true and correct, to the best of my

information and belief.

| | |
|---|---|
| *1-31-08* | *Leila I. Wassom* |
| DATE | Leila I. Wassom |
| | Paralegal Specialist |
| | Office of Chief Counsel |
| | Drug Enforcement Administration |
| | Washington, D.C.  20537 |

# EXHIBIT A

Name: KABIL ANTON DJENASEVIC
Reg. # 41112-018
Address: USP Allenwood
          Box 3000
          White Deer, Pa 17887

Date: Sept. 10, 2007

Agency:
Address: DEA   FOIPA UNIT

          Dep't of Justice

          Washington DC

                    20537

Re:  Freedom of Information and Privacy Act Request

Dear Sir/Madam:

    This is a formal request made under the Freedom of Information Act
(5 U.S.C. § 552) and Privacy Act (5 U.S.C. § 552a) by which I seek access
to your agency records.  The records are located at the following field
office noted below:

                    Tampa, Florida

    The records were generated in connection with  the investigation and
prosecution of United States v. DJENASEVIC , case # 8:02 Cr. 424-T-17,
in the U.S. District Court for the   M.D   of  Florida (Tampa) .

    As required by the Acts I agree to pay all copying fees in regard to
this request for access to records.  As also required by the Acts a Cer-
tificate of identity is provided on the reverse side of this request.

    Pursuant to the Acts your agency has 20 business days in which to
respond to my request for access to records.  If your agency fails to
give a response in that time period, it will be deemed a denial and an
administrative remedy will be sought.

    Thank you for your assistance in this matter.

    Sincerely yours,

    Kabil Anton Djenasevic

## CERTIFICATE OF IDENTITY

I, Kabil Anton Djenasevic, hereby declare under penalty of perjury that I am the person requesting production of records in the attached Freedom of Information and Privacy Act request.

Place of Birth: Ostros Bar Montenegro Yugoslavia

Date of Birth:   July 11, 1961

Social Security #:  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

Respectfully submitted,

_Kabil Anton Djenasevic_
Kabil Anton Djenasevic

_Sept 10-07_
Date

# EXHIBIT B

U.S. Department of Justice

Drug Enforcement Administration

OCT 2 4 2007

**Subject of Request: DJENASEVIC, KABIL ANTON**

Kabil Anton Djenasevic
Reg. No. 41112-018
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

Dear Kabil A. Djenasevic:

The Drug Enforcement Administration (DEA) has received your Freedom of Information/Privacy Act (FOI/PA) request letter dated September 10, 2007.

Your request has not yet been assigned a FOIA/PA number. Our office is currently experiencing a resource transition and has been extremely backlogged. Thank you in advance for your patience and understanding.

Please be assured that your request will be handled as equitably as possible. A request number will be assigned and forwarded to you at a later date; however your request will be handled in chronological order based on the date of this letter.

If you have any questions regarding this letter, you may contact Mrs. Phyllis Drewery, Supervisor of our Initial Review Team (IRT) on 202-307-7618.

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

# EXHIBIT C

U.S. Department of Justice
Drug Enforcement Administration

NOV 0 - 2007

Case Number: 08-0158-P

Subject of Request: DJENASEVIC, KABIL ANTON

Kabil Anton Djenasevic
Reg. No. 41112-018
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

Dear Kabil Anton Djenasevic:

This is in response to your Freedom of Information/Privacy Act (FOI/PA) request letter dated September 10, 2007, addressed to the Drug Enforcement Administration (DEA), FOI/Records Management Section, Operations Unit (SARO), seeking access to DEA records. Your request is considered a *"First Party/Self"* request for information pertaining to you. Your request was opened and assigned the above request number. Please include this number in any future correspondence addressed to this office.

We regret the delay in responding to your initial request letter. We are at this time experiencing a large backlogging of incoming FOI/PA requests that has adversely impacted our response time to the public. However, this matter has not impacted the quality of our service and our dedication to the public at large, including your request.

In order to expedite all requests that require retrieval, processing and duplication of documents, your request will be handled in chronological order based on the date of this letter.

With regard to your Criminal/Case Court Docket Number: 8:02-CR-424-T-17, United States District Court of Florida (Tampa), please be advised that DEA does not index, maintain or retrieve investigative information by criminal/case court docket numbers. Our investigative files are maintained and retrieved by general file references or file numbers assigned by this Agency. However, because you provided your personal identifiers, DEA was able to query the DEA Investigative Reporting, and Filing System (IRFS). IRFS is the system of records that contains all administrative, general and investigative files compiled by DEA for law enforcement purposes. We queried this database for records using your name, date of birth, Social Security Number, as well as your place of birth. DEA retrieves investigative information about an individual, an operation or company from the IRFS using the DEA Narcotics and Dangerous Drug Information System.

64

This letter confirms your obligation as stated in your initial request letter, that by filing your request, you have agreed to pay all applicable fees charged under 28 C.F.R. 16.11, up to $25.00. For purposes of assessing fees, your request has been categorized as *"all others"* in which you will be afforded two (2) hours of search and 100 pages of duplication at no charge. You will be responsible for all other fees incurred beyond the above threshold. At that time, the DEA will be able to provide you with an estimate of any fees for processing your request.

Please be assured that your request is being handled as equitably as possible. Upon completion of the processing, you will be notified of all applicable fees, and payment will be required prior to release of any records. If there are no fees associated with the processing of your request, all documents that can be released will be made available to you at the earliest possible date.

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

# EXHIBIT D

Dear Ms Katherine L. Myrick . Case # 08-0158-P

With respect to my request and FOI/records in Florida District Court Tampa U.S. v Djenasevic Kabir Anton 8:02 CR-424-T-17-MAP EAK.

I want to thank you for your reply and await requested FOIA records in your file with Case number 08-0158-P.

If I can be of any assistance, to expedite my request, please feel free to contact me at your earliest convenience, as I will be most happy to Asist and help.

Sincerely yours

Kabir Cake Djenasevic

DEC3
2007 NOV 23  PM 4 23
SA/DO
OPERATIONS UNIT

# EXHIBIT E

**U.S. Department of Justice**
Drug Enforcement Administration

JAN 07 2008

DEA Case Number: 08-0158-P

Subject: DJENASEVIC, KABIL ANTON

Kabil Anton Djenasevic
Reg. No. 41112-018
USP Allenwood
P.O. Box 3000
White Deer, Pennsylvania 17887

Dear Mr. Djenasevic:

Your Freedom of Information/Privacy Act (FOI/PA) request dated September 10, 2007, to the Drug Enforcement Administration (DEA) seeking information pertaining to the above subject has been processed.

The processing of your request identified certain materials that will be released to you with this letter. Portions not released are being withheld pursuant to the Freedom of Information Act, 5 U.S.C. 552, and/or the Privacy Act, 5 U.S.C. 552a. Please refer to the list enclosed with this letter that identifies the authority for withholding the deleted material, which is indicated by a mark appearing in the block next to the exemption. An additional enclosure with this letter explains these exemptions in more detail.

The rules and regulations of the Drug Enforcement Administration applicable to Freedom of Information Act requests are contained in the Code of Federal Regulations, Title 28, Part 16, as amended. They are published in the Federal Register and are available for inspection by members of the public.

Certain DEA documents contained information furnished by another government agency. DEA is in the process of consulting with that agency before granting access to the documents in accordance with 28 C.F.R 16.4 and/or 16.42. You will be notified if more material is available for release pending results from that consultation.

79/ 9

DEA Case Number: 08-0158-P

If you wish to appeal any denial of your request, you may do so within sixty (60) days from the date of this letter pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIA Appeal":

> DEPARTMENT OF JUSTICE
> OFFICE OF INFORMATION AND PRIVACY
> NYAV BUILDING, 11TH FLOOR
> WASHINGTON, D.C. 20530

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

Number of pages withheld:    29

Number of pages released:    74

Number of pages referred:    02

## APPLICABLE SECTIONS OF THE FREEDOM OF INFORMATION AND/OR PRIVACY ACT:

| Freedom of Information Act 5 U.S.C. 552 | | | Privacy Act 5 U.S.C. 552a | |
|---|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(5) | [ x] (b)(7)(C) | [ ] (d)(5) | [ ] (k)(2) |
| [x ] (b)(2) | [ ] (b)(6) | [x ] (b)(7)(D) | [ x] (j)(2) | [ ] (k)(5) |
| [ ] (b)(3) | [ ] (b)(7)(A) | [ ] (b)(7)(E) | [ ] (k)(1) | [ ] (k)(6) |
| [ ] (b)(4) | [ ] (b)(7)(B) | [x ] (b)(7)(F) | | |

FREEDOM OF INFORMATION ACT
SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(b)(2)  Materials related solely to the internal rules and practices of DEA.

(b)(3)  Information specifically exempted from disclosure by another federal statute.

(b)(4)  Privileged or confidential information obtained from a person, usually involving commercial or financial matters.

(b)(5)  Inter-agency or intra-agency documents which are subject to a privilege, such as documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction, or which represent the work product of an attorney, or which reflect confidential communications between a client and an attorney.

(b)(6)  Materials contained in sensitive records such as personnel or medical files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

(b)(7)  Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings; (B) would deprive a person of a right to a fair trial or an impartial adjudication; (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy; (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis; and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source; (E) would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

PRIVACY ACT
SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  Materials compiled in reasonable anticipation of a civil action or proceeding.

(j)(2)  Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals.

(k)(1)  Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(k)(2)  Material compiled during civil investigations for law enforcement purposes.

(k)(5)  Investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to an express promise that his identity would be held in confidence, or pursuant to an implied promise of confidentiality if such information was furnished prior to September 27, 1975.

(k)(6)  The substance of tests used to determine individual qualifications for appointment or promotion in Federal Government Service.

# EXHIBIT F



**U.S. Department of Justice**
Drug Enforcement Administration

JAN 07 2008

DEA Case Number: 08-0158-P

Requester: DJENASEVIC, KABIL ANTON

DEA FOI Specialist: Romona Ashby

Telephone Number: 202-307-7614

Magda S. Ortiz, Director
FOI/PA Program
U.S. Citizenship and Immigration Services
111 Massachusetts Avenue, N.W., 4th Floor
ULLICO Building
Washington, D.C. 20529

Dear Magda S. Ortiz:

In processing the enclosed request, the Drug Enforcement Administration (DEA) located one document *(2 pages)* containing information that originated with your agency. This information has been bracketed in green. Please review, make necessary deletions and cite the exemptions claimed, and return the document to this office. If you delete information, please enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

If you have any questions regarding this referral, please contact the FOI Specialist indicated above.

Sincerely,

Katherine Myrick

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

Enclosures

79/ 9

# EXHIBIT G



**U. S. Department of Justice**

Drug Enforcement Administration
Office of Chief Counsel
Administrative Law Section

*www.dea.gov*

Mr. Kabil A. Djenasevic                                        JAN 3 1 2008
#41112-018
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

Re: *Kabil Djenasevic  v. Executive Office for United States Attorneys, et al.*
     CA No. 07-1685 RWR; FOIA Request No. 08-0158-P

Dear Mr. Djenasevic:

Enclosed please find portions of 17 pages and five (5) pages in their entirety, in further response to your Freedom of Information Privacy Act/Request dated September 10, 2007, to the Drug Enforcement Administration (DEA).  Pursuant to further review of your request by this office, DEA has located 22 additional pages of responsive material.  Information is withheld pursuant to the Privacy Act (PA), 5 U.S.C. § 552a, Exemption (j)(2), and the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Exemptions (b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(F).

If you wish to appeal any denial of your request, you may do so within sixty (60) days from the date of this letter pursuant to 28 C.F.R. 16.9.  The appeal should be sent to the following address, with the envelope marked "FOIA Appeal":

                    Department of Justice
                    Office of Information and Privacy
                    NYAV Building, 11th Floor
                    Washington, D.C.  20530

                    Sincerely,

                    Michael G. Seidel
                    Senior Attorney
                    Administrative Law Section

Enclosure

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA


KABIL ANTON DJENASEVIC,

    v.

EXECUTIVE OFFICE FOR
    U.S. ATTORNEYS, et. al.,

Civil Action No. 07-1685 RWR


DECLARATION OF VANESSA HERBIN-SMITH

I, Vanessa Herbin-Smith, under penalty of perjury do hereby declare, certify and state:

1.  I am the Supervisory Paralegal Specialist for the Federal Bureau of Prisons (hereinafter BOP), Northeast Regional Office, Philadelphia, Pennsylvania.  As part of my official duties, I assist in coordinating responses to Freedom of Information Act requests made to the BOP for records maintained in the Northeast Region.  I have access to the Freedom of Information Act and Privacy Act (hereinafter FOIA/PA) files for requests processed in this office.  I am familiar with, and received training on, the policies and procedures regarding the processing and release of information under the FOIA/PA and the administrative remedy process and data.

2

2.  I have reviewed the instant complaint filed by the
Plaintiff, Kabil Anton Djenasevic, Register Number 41112-018, who
is currently incarcerated at the United States Penitentiary
(USP), Allenwood, Pennsylvania.  It appears that he claims the
BOP is maintaining unspecified records created by other
government officials that are false or inaccurate.

3.  The Bureau of Prisons has a well-established
administrative grievance process as set forth in Title 28 C.F.R.
§§542.10-.19.  Under these guidelines, an inmate can seek formal
review of almost any aspect of his incarceration.  The procedure
requires the inmate to first file a complaint with the Warden.
If the inmate is not satisfied with the Warden's response, he
must then file an appeal to the Regional Director within 20 days
of the Warden's response.  If the inmate is not satisfied with
the Regional Director's response, he must then file an appeal to
the General Counsel within 30 days of the Regional Director's
response.  This is the final administrative appeal available to
an inmate in the Federal Bureau of Prisons.  An inmate has not
exhausted the Bureau of Prisons' administrative remedy procedures
until he has filed a complaint through all three levels.

4.  These regulations are available to all inmates through
the institutional law libraries.

3

5.   I declare that I have reviewed the administrative remedy records as it pertains to Kabil Anton Djenasevic, Register Number 41112-018.  These records indicate that although Plaintiff has filed other administrative remedies (regarding a disciplinary action and medical care) he has not filed any administrative remedies regarding the issues he raised in this complaint.  Thus, he has not exhausted his administrative remedies regarding the allegations in his complaint prior to filing the instant action.

6.   Official records maintained in this office reflect Plaintiff Djenasevic has not submitted any type of records request that was received by the BOP Central Office, FOIA/PA Section.  Thus, the BOP has not processed any type of request concerning records maintained by the Bureau of Prisons.

Pursuant to the provisions of 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 30th day of January, 2008.

Vanessa Herbin-Smith
Supervisory Paralegal Specialist
Federal Bureau of Prisons
Philadelphia, Pennsylvania

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KABIL A. DJENASEVIC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civ. Action No. 07-1685 RWR** |
| | ) | |
| **EXECUTIVE UNITED STATES** | ) | |
| **ATTORNEY'S OFFICE, et al.,** | ) | |
| **Defendants.** | ) | |

Upon consideration of defendant's motion to dismiss or, in the alternative, for summary judgment, of all the papers filed in support of and in opposition to that motion, and of the entire record, and it appearing to the Court that the granting of defendant's motion would be just and proper, it is by the Court this        day of            , 2008,

ORDERED that defendant's motion to dismiss or, in the alternative, for summary judgment be, and it hereby is, granted; and it is further

ORDERED that this case be, and it is, dismissed with prejudice.

_____

UNITED STATES DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **KABIL A. DJENASEVIC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civ. Action No. 07-1685 RWR** |
| | ) | |
| **EXECUTIVE UNITED STATES** | ) | |
| **ATTORNEY'S OFFICE, et al.,** | ) | |
| **Defendants.** | ) | |

**STATEMENT OF MATERIAL FACTS AS TO WHICH**
**THERE IS NO GENUINE ISSUE**

_____Pursuant to Local Rule 7 (h), the defendant hereby submits the following material facts as to which there is no genuine dispute:

**EOUSA**

1.        On September 24, 2007, Mr. Djenasevic filed a complaint under the Privacy Act against the "Executive United States Attorneys Office" (EOUSA) in the District Court for the District of Columbia for  "maintenance of accurate records." Declaration of Dione Jackson Stearns (Stearns Decl.) ¶ 6.

2.         On September 25, 2007, both the United States Attorney Office ("USAO") for the Middle District of Florida ("MDF") and EOUSA received a request dated September 10, 2007, from plantiff, Kabil Anton Djenasevic.  Both September 25, 2007 letters were the same except for the agencies addresses. Stearns Decl. ¶ 7; (See Exhibits A and B.)

3.        In the letters, Mr. Djenasevic identified the USAO/MDF as the place where responsive records may exist.  He did not, however, seek "maintenance of accurate records". Rather, his request sought access to the following information:

" The records [which] were generated in connection with the investigation and prosecution of United States v. Djenasevic, case number 8:02 CR424."

Stearns Decl.¶ 8; (See Exhibit C.)

4.      The Department of Justice, Office of Information and Privacy (OIP) has no record of receipt of an appeal for such issues from Mr. Djenasevic. Stearns Decl.¶ 15

**BOP**

5.      Official records maintained in this Bureau of Prisons (BOP) Central Office, Freedom of Information / Privacy Act (FOIA/PA) Section reflect plaintiff Djenasevic has not submitted any type of records request that was received.  Thus, the BOP has not processed any type of request concerning records maintained in plaintiff's Central File.  Declaration of Vanessa Herbin-Smith (Herbin-Smith Decl.) ¶ 6)

**State Department**

6.    The State Department's Office of Information Programs and Services (IPS) searched appropriate fields in the automated case tracking system described above for a request from or about the plaintiff, Kabil Anton Djenasevic, for the time period up to the date of plaintiff's filing, September 24, 2007. There was no record that any FOIA or Privacy Act request had been received in IPS from or about Kabil Anton Djenasevic during the relevant time period.. Declaration of Margaret P. Grafeld (Grafeld Decl.) ¶ 6.

7.      In sum, all FOIA and Privacy Act requests must be received by IPS.  IPS found no record of receiving any request from plaintiff, and plaintiff did not refer in his complaint to any case control number assigned by the Department.  Therefore,  the Department did not receive any FOIA or Privacy Act request from plaintiff. Grafeld Decl. ¶ 7.

**DEA**

8.  In section 2 of plaintiff's complaint, he alleges that defendant DEA maintains in it files

"false& or inaccurate" records, citing 5 U.S.C.A. 552a. Pursuant to 28 C.F.R. 16.46, an

individual may request an amendment or correction of a Department of Justice (DOJ) record

about himself by writing directly to the DOJ component that maintains the record, however, DEA

has no record of receipt of a Privacy Act amendment or records correction request from the

plaintiff. Declaration of Leila Wassom (Wassom Decl.) ¶ 6

**FBI**

9.  Criminal Justice Information Services (CJIS) Division, Federal Bureau of Investigation (FBI),

U.S. Department of Justice searched appropriate fields in the automated case tracking system

described above for a request from or about the plaintiff, Kabil Anton Djenasevic, for the time

period up to the date of plaintiff's filing, September 24, 2007.  Declaration of  Kimberly J. Del

Greco  (Del Greco Decl.) ¶ 1.

10. The CJIS Division is the primary component within the FBI which would maintain the

records described in plaintiff's complaint. It incorporates the Fingerprint Identification Records

System (FIRS), the National Crime Information Center (NCIC), and the National Instant

Criminal Background Check System.   Del Greco Decl. ¶ 4.

11. All arrest data included in an identification record are obtained from fingerprint submissions,

disposition reports, and other reports submitted by agencies having criminal justice

responsibilities. Therefore, the FBI CJIS Division is not the source of the arrest data reflected on

an identification record. Del Greco Decl. ¶ 7.

12.  Procedures to obtain change, correction, or updating of identification records are contained

in 28 C.F.R. § 16.34. Specifically, if after reviewing his/her identification record, the subject

believes it is incorrect or incomplete in any respect and wishes to change, correct, or update the

alleged deficiency, he/she should make application directly to the agency which contributed the

questioned information. The subject of a record may also direct his/her challenge as to the

accuracy or completeness of any entry on his/her record to the FBI, CJIS Division, Attention:

Correspondence Group, Module E—1, 1000.  Del. Greco ¶ 8.

13. A review of the FBI CJIS Division's files fails to reveal any correspondence from Plaintiff

requesting a copy of his FBI identification records and/or challenging the accuracy, completeness

of the information contained therein. Del. Greco Decl. ¶ 9.

14. Plaintiff has not raised any FOIA claims in this action. See Generally Complaint.

15. Plaintiff is not a United States citizen.

Respectfully Submitted,

_____
 JEFFREY A. TAYLOR, BAR # 498610
United States Attorney

_____
RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney




_____/s_____
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov