UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KABIL A. DJENASEVIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 07-1685 RWR |
| ) | |
| EXECUTIVE UNITED STATES ) | |
| ATTORNEY'S OFFICE, et al., ) | |
| Defendants. ) | |

**REPLY TO PLAINTIFF'S RESPONSE TO
GOVERNMENT'S MOTION TO DISMISS AND IN THE ALTERNATIVE FOR
SUMMARY JUDGMENT**

Defendants, by and through the undersigned counsel, hereby reply to Plaintiff's Response to Government's Motion to Dismiss and in the Alternative For Summary Judgment (Plaintiff's Response). In his response plaintiff does not offer any evidence to dispute any material facts asserted by defendant. He merely asserts that "'MATERIAL FACTS' are present" and that a trier of fact could render a ruling in his favor. Plaintiff's Response at 6. Moreover, the plaintiff asserts that this Court has jurisdiction because he has exhausted his administrative remedies because he is not attempting to "challenge his conviction," Plaintiff's Response at 3. Finally, Plaintiff alleges that he needs discovery to challenge the defendant's dispositive moitons. Plaintiff's Response at 4. This request should be denied and the complaint should be dismissed.

Summary judgment is appropriate when the record shows that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986); Tao v. Freeh, 27 F.3d 635,

638 (D.C. Cir. 1994). In determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587. The mere allegation of the existence of a factual dispute, however, will not defeat summary judgment. The non-moving party must show that the dispute is genuine and material to the case. That is, the factual dispute must be capable of affecting the substantive outcome of the case and be supported by sufficiently admissible evidence that a reasonable trier of fact could find for the non-moving party. Anderson, 477 U.S. at 247-48; Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987). If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial[,] [and] [t]he moving party is 'entitled to judgment as a matter of law.'" Celotex Corp., 477 U.S. at 323 (citations omitted).

    Indeed, mere conclusory allegations are not enough to survive a motion for summary judgment. Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993); Rowland v. Riley, 5 F. Supp.2d 1, 3 (D.D.C. 1998); Benn v. Unisys Corp., 176 F.R.D. 2 (D.D.C. 1997). Likewise, an affidavit which merely recites conclusory allegations will not defeat summary judgment. See Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990) ("The object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.") Plaintiff does not dispute any of the relevant material facts concerning the various agencies' FOIA searches. The bald assertion that there are factual disputes alleged by plaintiff, Plaintiff's Response p.6, does not put into dispute any genuine relevant material fact.

The FOIA confers jurisdiction upon the District Court to provide relief to a plaintiff only where requested documents have been "improperly withheld" by an agency. 5 U.S.C. § 552(a)(4)(B). The courts have interpreted this section of the statute to mean that jurisdiction only exists upon a showing by the plaintiff that the defendant (1) improperly (2) withheld (3) agency records. See Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980).

"The plaintiff must show that the agency 'contravened all three components of this obligation' in order for jurisdiction to be valid." Kuffel v. U.S. Bureau of Prisons, 882 F.Supp. 1116, 1120 (D.D.C. 1995) (citing Kissinger, 445 U.S. at 151.) Absent such a showing, FOIA confers no "judicial authority to devise remedies and enjoin agencies." Defendant has proved that it conducted an adequate search and that no responsive documents were found. Therefore the defendant's motion to dismiss or in the alternative for summary judgement should be granted.

To the extent plaintiff's request is for discovery, it should be denied. Plaintiff is not seeking discovery concerning the FOIA search process. Rather, he is seeking discovery to prepare a response to the defendants' dispositive motion. That inquiry is outside the scope of FOIA. The Court in Public Citizen Health Research Group v. Food and Drug Administration, 997 F. Supp.56, 72-73 (D.D.C. 1998) affirmed in part, reversed in part and remanded (on other issues) 185 F.3d 898 (D.C. Cir, 1999) stated:

> Discovery is to be sparingly granted in FOIA actions. Typically it is limited to investigating the scope of the agency's indexing procedures, and the like. See, e.g. SafeCard Servs. v. SEC, 926 F.2d 1197, 1200-02 (D.C.Cir.1991). If a court is satisfied that the affidavits supplied by the agency meet the established standards for summary judgement in a FOIA case and that the plaintiff has not adequately called these submissions into question, no factual dispute remains, and discovery is inappropriate.

In consideration of the record herein, Defendants therefore respectfully request this Court to

grant its dispositive motion.

                Respectfully submitted,

                _____
                JEFFREY A. TAYLOR, BAR # 498610
                United States Attorney

                _____
                RUDOLPH  CONTRERAS, D.C. Bar #  434122
                Assistant United States Attorney

                _____/s_____
                BENTON G. PETERSON, WI. Bar #1029849
                Assistant United States Attorney
                Judiciary Center Building
                555 4th Street, N.W. – Civil Division
                Washington, D.C.  20530
                (202) 514-7238 514-8780 (Facsimile)
                **Benton.Peterson@usdoj.gov**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment has been made by mailing a copy thereof to:

KABIL ANTON DJENASEVIC
R41112-015
ALLENWOOD
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
WHITE DEER, PA 17887

on this 21st day of March, 2008.

                                                                               ____/s/_____
                                                                          Benton Peterson
                                                                          Assistant U.S. Attorney