UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KABIL A. DJENASEVIC,                 )
                                     )
Plaintiff,                           )
                                     )
        v.                           )        Civ. Action No. 07-1685 RWR
                                     )
EXECUTIVE OFFICE for UNITED          )
STATES ATTORNEY , et al.,            )
Defendants.                          )

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND FOR SANCTIONS**

        For the reasons discussed below, defendants the Executive Office for United States

Attorneys (EOUSA), the United States Bureau of Prisons (BOP),  the Federal Bureau of

Investigation (FBI), the Drug Enforcement Administration (DEA), which are all sub-components

of the United States Department of Justice (DOJ) and the United States Department of State

(DOS) hereby oppose Plaintiff's motion to compel and for sanctions and respectfully request that

it be denied.

## I. BACKGROUND

        According to the complaint, Plaintiff, Kabil Anton Djenasevic, is a prisoner at the United

States Penitentiary (USP)- Allenwood, in Pennsylvania, who brings this action pursuant to Title 5

U.S.C. §§552a (g)(1)(c) challenging the [validity] of records allegedly maintained by Defendants

BOP, EOUSA, DEA, and the DOS located in his "Central File," see Complaint,

(Compl.) Caption; pp.1-2, which are being used to "draw adverse decision[s] against the

[p]laintiff where his [c]ustody was effected." *Id.* He alleged that he was brought to the United

States from South Africa on false information in his records. *Id.* Although it is unclear what

information is "false and misleading," Compl. at p. 4, Plaintiff mentioned statements related to

his "consent decree" or his criminal sentencing. *Id.* Plaintiff alleged that he is not challenging his conviction, Compl. at p. 5, but that defendants have "in the past used and still use and maintain in their files [records] that w[ere] manufactured by other employees that are false & or inaccurate," Compl. at p.7. He sought injunctive relief in the form of an *in camera* hearing to change his records. *See id.* On January 31, 2008, Defendant moved to dismiss or in the alternative for summary judgment, *inter alia*, on the grounds of failure to exhaust and failure to state a claim. On June 2, 2008, Plaintiff filed the motion at issue, claiming the Defendants have failed to respond to his Requests for Admission.

## II. ARGUMENT

### 1. Defendants Did Not Receive Any Discovery in this Privacy Act Action.

Despite Plaintiff's representations, Defendants have not received any Requests for Admission or "numerous letters and requests" following the alleged Requests for Admission asking defendant to respond.[1] Plaintiff's Motion at 2. Accordingly, Plaintiff's motion to compel discovery and for sanctions should be denied. On November 13, 2007, Plaintiff alleges that he served Defendants with requests for admissions. Defendants vigorously deny this allegation and state that, to date, Defendants have not received these alleged requests and have no record of correspondence from Plaintiff referencing any admissions.

---

[1] Notably, Plaintiff fails to attach the alleged Request for Admissions or the alleged correspondence concerning any discovery. In addition the motion did not specify in any way the "relevant portion of any non-filed discovery materials to which [the motion to compel] is addressed" as required by the rules of this Court. LCvR 5.2(b). Nor, as noted above, did Plaintiff attach copies of any discovery requests, as alternatively required. *See id.*

**2. Even Assuming, *Arguendo*, That Plaintiff Did Properly Serve Requests for Admissions in this Privacy Act Action, Any Discovery Requests Were Inappropriate  and Accordingly There Are No Grounds for Sanction Against Defendants.**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, courts have broad discretion, upon a showing of good cause, to deny, limit or qualify discovery.  See, e.g., Celanese Corp. v. Duplan Corp., 502 F.2d 188, 190 (4th Cir. 1974), cert. denied, 420 U.S. 929 (1975); General Dynamics v. Selb Manufacturing, 481 F.2d 1204, 1212 (8th Cir. 1973), cert. denied, 414 U.S. 1162 (1974).[2]

 Even if Plaintiff properly sent requests for admission and Defendants received the alleged requests for admission, pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties have not developed a proposed discovery plan nor have Defendants consented to the exchange of discovery without the benefit of such a plan.  Additionally, the Court has not decided to allow discovery in this matter.[3]  Accordingly, even assuming *arguendo*, Plaintiff actually served the alleged requests for admissions, (which the Defendants do not concede) Defendants should not have been under any obligation to respond to Plaintiff's premature and inappropriate discovery.

Pursuant to the broad grant of authority to control discovery in civil litigation cases, it is

---

[2] Whether to permit discovery in a Privacy Act case in the first instance resides in the Court's sole discretion. J. Roderick MacArthur Foundation v. FBI, 102 F.3d 600, 605 (D.C. Cir. 1996). Kroeger v. Fadely, 199 F.R.D. 10, 14 (D.D.C. 2001).  Discovery in a Privacy Act case is understandably uncommon. "A party brings a Privacy Act suit because he has learned of a disclosure which he claims violates the Act; why would one have to discover the factual premise of one's own lawsuit?" *Id.*  Here, the Plaintiff has never explained why, if at all, he needs any discovery in this Privacy Act case.

[3] Local Civil Rule 16.3(b) excludes prisoner *pro se* parties from the Court's meet-and-confer requirements concerning discovery plans.

appropriate to deny discovery entirely pending the outcome of preliminary issues which are

dispositive of the entire case and which may therefore render the discovery request moot.  See,

e.g., Marrese v. American Academy of Orthopedic Surgeons, 706 F.2d 1488, 1494 (7th Cir.

1983); Brennan v. Local Union No. 639, International Brotherhood of Teamsters, 494 F.2d 1092,

1100 (D.C. Cir. 1974), cert. denied, 429 U.S. 1123 (1977); Defensive Instruments, Inc. v. RCA

Corp., 385 F. Supp. 1053, 1054 (W.D. Pa.1874), aff'd, 530 F.2d 963 (3d Cir. 1976).  As the court

noted in O'Brien v. Avco Corp., 309 F. Supp. 703 (S.D.N.Y. 1969):

> [W]hen, as here, the determination of a preliminary question may dispose of the
> entire suit, applications for discovery may properly be deferred until the
> determination of such questions.

Id. at 705; see also Allied Poultry Co. v. Kolin, 134 F. Supp. 278, 279-80 (D. Del. 1955).

In this case, the Court has not issued a scheduling order indicating the parameters of

discovery.  See Record generally.   The Defendants have not violated any Court Order and have

not failed to adhere to this Court's scheduling directives. Accordingly, there are no grounds for

the Plaintiff to request the Court to compel discovery or to sanction the Defendants.[4]

Additionally, Defendants' dispositve motion has presented issues for which no discovery

is needed, e.g., the appropriate jurisdiction to hear this case and legal issues concerning the

interpretation of the Privacy Act.  Where, as here, the issues before the Court are strictly legal

questions, discovery is inappropriate.  Chatman-Bey v. Smith, 594 F.Supp. 718, 721 (D.D.C.

1984).  Since a favorable ruling on Defendants' dispositive motion to dismiss would obviate the

---

[4]  Plaintiff has not specified any Federal Rule that would justify sanctions, however, as
detailed above Defendants maintain that no discovery sanction is warranted where Defendants
have not received the alleged discovery and the discovery if properly served would be
inappropriate and premature.

need for any discovery, even if Plaintiff, assuming *arguendo*, served the alleged discovery at all, allowing discovery of any kind would likely prove unnecessary.  See Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 694 (1932)("The principles of judicial parsimony...if nothing more, condemns a useless remedy.") Accordingly, in view of Plaintiff's failure to demonstrate any service of these alleged discovery requests at all and Defendants' pending dispositive motion, this Court should deny Plaintiff's Motion to Compel and for Sanctions.

CONCLUSION

For reasons stated herein, this Court should deny Plaintiff's Motion to Compel and for Sanctions.  An order consistent with this opposition is attached hereto.


Respectfully Submitted,


_____
 JEFFREY A. TAYLOR, BAR # 498610
United States Attorney


_____
RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney


_____/s_____
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KABIL A. DJENASEVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 07-1685 RWR |
| | ) | |
| EXECUTIVE UNITED STATES | ) | |
| ATTORNEY'S OFFICE, et al., | ) | |
| Defendants. | ) | |

**ORDER**

UPON CONSIDERATION of Plaintiff's Motion to Compel and for Sanctions, opposition

thereto, and the entire record herein, it is on this ___ day of _____, 2008 hereby

ORDERED that Plaintiff's Motion in this action should be and hereby is denied.

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Opposition and proposed order

has been served by mail, first class and postage prepaid, on the following:

KABIL ANTON DJENASEVIC
R41112-018
ALLENWOOD
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
WHITE DEER, PA 17887
PRO SE

on this 17th  day of June  2008

_____

BENTON G. PETERSON
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KABIL A. DJENASEVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 07-1685 RWR |
| | ) | |
| EXECUTIVE UNITED STATES | ) | |
| ATTORNEY'S OFFICE, et al., | ) | |
| Defendants. | ) | |

**ORDER**

UPON CONSIDERATION of Plaintiff's Motion to Compel and for Sanctions, opposition

thereto, and the entire record herein, it is on this ___ day of _____, 2008 hereby

ORDERED that Plaintiff's Motion in this action should be and hereby is denied.

_____
UNITED STATES DISTRICT JUDGE